UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MD-03090-RAR

In re:

**FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION**
_____/

This Document Relates to All Actions

### PRE-TRIAL ORDER NO. 1

**THIS CAUSE** comes before the Court *sua sponte*. The Fortra File Transfer Software Data Security Breach Litigation has been centralized and transferred to the Court by the Judicial Panel on Multi-District Litigation ("JPML"). An Initial Conference has been scheduled to occur on **Monday, March 4, 2024 at 2:00 P.M.** via video conference. *See* Order Setting Initial Status Conference, [ECF No. 37]. Prior to the Conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to the Court by the JPML pursuant to its order of February 5, 2024 ("Transfer Order"), [ECF No. 1], as well as all related actions originally filed in this Court or to any "tag-along actions" later filed in, removed to, or transferred to the Court.

**I.      INTRODUCTION**

The Court recognizes the competence and experience needed to litigate a case of this nature. Yet, the highest levels of competence and experience alone will not necessarily result in a just and efficient resolution of this litigation. The way the attorneys comport themselves by always remaining professional and courteous is imperative; the attorneys likely will be working

together for some time, with work becoming progressively more complicated and exacting. The Manual for Complex Litigation, Fourth ("MCL 4th") recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that fosters and sustains good working relations among fellow counsel and the Court.

## II.     CONSOLIDATION

The civil actions listed on Schedule A of the Transfer Order are consolidated for pretrial purposes. Any "tag-along actions" filed in, removed to, or transferred to the Court, or directly filed in the Southern District of Florida, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE

Matters relating to pretrial and discovery proceedings in these cases will be addressed at the Conference. Attendees may access the Conference using the following link: https://www.zoomgov.com/j/1604444152?pwd=SmVKTGVNcDNCL205WiswMlFud0V0QT09 The Meeting ID for the Conference is 160 444 4152, and the Passcode is 258312. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to

future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

The Conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f). Counsel are expected to familiarize themselves with the MCL 4th and be prepared at the Conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in the MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the Initial Conference.

Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration of any class action allegations, and a briefing schedule for pretrial motions, and be prepared to discuss the mode of trial(s). Counsel shall also confer and be prepared to discuss Plaintiffs' Proposed Leadership Structure, [ECF No. 4], including the efficiency of the proposed "track" groupings of related cases and issues. In doing so, counsel shall seek to ensure the interests of all parties are fairly and economically represented. Based on those discussions, and pursuant to the Court's Order Setting Initial Status Conference, [ECF No. 37], the parties shall submit a joint proposed agenda listing items for discussion on or before **February 28, 2024**.

IV. **APPEARANCE AT INITIAL CONFERENCE**

Each party represented by counsel shall appear at the Conference through its attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable Conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interests at the Conference.

By designating an attorney to represent its interests at the Conference, a party will not be precluded from selecting other representation during the litigation, nor will attendance at the Conference waive objections to jurisdiction, venue, or service.

## V. EXTENSION, STAY, AND PENDING MOTIONS

Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by the Court. Pending the Conference and further orders of the Court, all outstanding discovery proceedings are **STAYED**, and no further discovery shall be initiated. In addition, all motions pending at the time of transfer are **DENIED WITHOUT PREJUDICE**.

## VI. FILING

All documents must be filed electronically pursuant to Local Rule 5.1(b) and the Court's Administrative Procedures for Electronic Filing. Information on electronic filing can be found on the Court's website at: https://www.flsd.uscourts.gov/policies-procedures.

## VII. MASTER DOCKET FILE

Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of Court in the Southern District of Florida and not in the transferor court. The Clerk of Court will maintain a master docket case file under the style "In Re: FORTRA FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION" and the identification "24-MD-03090."

When a filing is intended to be applicable to all actions, this shall be indicated in the caption of the filing by the words: "This Document Relates to All Actions." When a filing is intended to apply to less than all cases, this Court's docket number for each individual case to

which the document relates shall appear immediately after the words "This Document Relates to" in the caption of the filing.  <u>The following is a sample of the filing caption</u>:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MD-03090-RAR

In re:

**FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION**
_____/

[This Document Relates to All Actions] [This Document Relates to]

## VIII.   ATTORNEY ADMISSIONS

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Attorneys not admitted to practice in the United States District Court for the Southern District of Florida and who have not obtained local counsel are allowed electronic filing privileges in this ***Fortra File Transfer Software Data Security Breach Litigation only***, and are permitted to file and receive service of documents electronically according to this Court's CM/ECF Administrative Procedures, notwithstanding language to the contrary in Special Rule 4 of the Local Rules of the United States District Court for the Southern District of Florida.  Such attorneys shall file the Certificate of Understanding attached at **Schedule B**. The Court directs the Court Administrator–Clerk of Court to assign CM/ECF usernames and passwords to such attorneys following the receipt by the Clerk of Court of properly executed Certificates of Understanding.

An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption.

The application shall be in writing and shall state the reason for the attorney's inability to comply.

## IX. DOCKETING

When an action that properly belongs as part of In Re: Fortra File Transfer Software Data Security Breach Litigation is hereinafter filed in the Southern District of Florida or transferred here from another court, the Clerk of Court shall:

a. File a copy of this Order in the separate file for such action;

b. Make an appropriate entry on the master docket sheet;

c. Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

d. Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

## X. PRESERVATION OF EVIDENCE

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody, and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" are to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements,

worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other consequences. Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order upon reasonable notice.

### XI. FILING OF DISCOVERY REQUESTS

In accordance with Local Rule 26.1(b), discovery requests and responses are not to be filed nor sent to the Judges' Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

## XII. COMMUNICATION WITH THE COURT

Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded to attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**DONE AND ORDERED** in Miami, Florida, this 16th day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

SCHEDULE A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MD-03090-RAR

In re:

**FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION**

_____/

**Northern District of California**

ROSA, ET AL. v. BRIGHTLINE, INC., C.A. No. 3:23−02132
JACKSON v. BRIGHTLINE, INC., C.A. No. 3:23−02291
NDIFOR v. BRIGHTLINE, INC., C.A. No. 3:23−02503
CASTRO v. BRIGHTLINE, INC., C.A. No. 3:23−02909

**District of Connecticut**

ROUGEAU v. AETNA INC., C.A. No. 3:23−00635
VOGEL v. AETNA, INC., C.A. No. 3:23−00740
BANKS, ET AL. v. AETNA, INC., C.A. No. 3:23−00779
W., ET AL. v. AETNA INTERNATIONAL, LLC, ET AL., C.A. No. 3:23−00873
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00906
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 3:23−00910
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00912

**Southern District of Florida**

SKURAUSKIS, ET AL. v. NATIONSBENEFITS HOLDINGS, LLC, ET AL., C.A. No. 0:23−60830
SKUYA v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60846
SEZAWICH v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60877
HASSAN v. NATIONSBENEFITS HOLDINGS, LLC, C.A. No. 0:23−60885
VEAZEY, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60891
CALIENDO v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60927
WILSON v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60949
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60950
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60951
BANKS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60976
FUSS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61014

DEKENIPP v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61089
CLANCY v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61107
WANSER v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61141
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61209
A.T. v. NATIONSBENEFITS HOLDINGS, LLC, ET AL., C.A. No. 0:23−61325
KING v. NATIONSBENEFITS LLC, ET AL., C.A. No. 0:23−61373
SW v. AETNA INTERNATIONAL LLC, ET AL., C.A. No. 0:23−61548

**Southern District of Indiana**

SHEPHERD v. ANTHEM INSURANCE COMPANIES, INC., ET AL., C.A. No. 1:23−00693

**District of Minnesota**

ANDERSON, ET AL. v. FORTRA LLC, C.A. No. 0:23−00533

**Northern District of Ohio**

IN RE INTELLIHARTX DATA SECURITY INCIDENT LITIGATION, C.A. No. 3:23−01224
KELLY v. INTELLIHARTX, LLC, C.A. No. 3:23−01338
CABRALES v. INTELLIHARTX, LLC, C.A. No. 3:23−01439
TIMMONS v. INTELLIHARTX, LLC, C.A. No. 3:23−01452
MCDAVITT v. INTELLIHARTX, LLC, C.A. No. 3:23−01499
TERWILLIGER, ET AL. v. INTELLIHARTX, LLC, ET AL., C.A. No. 3:23−01509
FULLINGTON v. INTELLIHARTX, LLC, C.A. No. 3:23−01918

**Middle District of Tennessee**

KUFFREY v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00285
MARTIN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00354
GATTI v. CHSPSC, LLC, C.A. No. 3:23−00371
CASELLA v. CHSPSC, LLC, C.A. No. 3:23−00396
TATUM, ET AL. v. CHSPSC, LLC, C.A. No. 3:23−00420
FERGUSON v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00443
MCGOWAN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00520
UNDERWOOD, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00565

**SCHEDULE B**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-MD-03090-RAR**

In re:

**FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION**

_____/

**CERTIFICATE OF UNDERSTANDING REGARDING
ELECTRONIC FILING IN THE SOUTHERN DISTRICT OF FLORIDA**

I, _____, the undersigned, do hereby certify that:

1. I am a member of good standing of the Bar of _____.

2. I have studied, understand, and will abide by the Local Rules for the Southern District of Florida.

3. I have studied, understand, and will abide by the Administrative Procedures governing CM/ECF procedures in the Southern District of Florida.

4. I will only use this electronic filing privilege in the matter captioned above and in no other case in the Southern District of Florida, even if I have been granted *pro hac vice* status in another case in the Southern District of Florida.

5. I understand and agree that any misuse of this electronic filing privilege will be brought to the attention of the Honorable Rodolfo A. Ruiz II and that this privilege may be revoked at any time without notice.

6. If any of the information below changes during the course of this action, I shall file a notice of such change in the MDL action, and I shall update my CM/ECF user account pursuant to the Administrative Procedures.

    Name:
    State Bar Number:
    Firm Name:
    Mailing Address:
    Telephone Number:
    Email Address:

Attorney Signature: _____        Date: _____