UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MD-03090-RAR

In re:

**FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION**
_____/

This Document Relates to All Actions

### ORDER APPOINTING PLAINTIFFS' LEADERSHIP

**THIS CAUSE** comes before the Court on the Joint Case MDL Management Proposal, [ECF No. 123], ("Proposal"). At the Status Conference on March 12, 2024, [ECF No. 120], the Court directed the parties to submit proposed leadership structures for this multi-district litigation ("MDL") that accounted for the reduced number of litigation tracks. In accordance with this instruction, the parties filed the Proposal containing leadership groups for Plaintiffs and points of contact for Defendants. *See* Proposal at 3–4. The Court has carefully reviewed the Proposal and will appoint leadership as described herein.

The appointment of interim class counsel is authorized by Rule 23(g)(3) of the Federal Rules of Civil Procedure. In cases such as this, where multiple overlapping and duplicative class actions have been filed, designation of interim class counsel is encouraged, and indeed is essential for efficient case management. *See generally Manual for Complex Litigation (Fourth)* § 21.11 (2004) ("Manual"). Generally, such counsel is responsible for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id*. § 21.11 at 246. No party has voiced any objection to the notion that interim class counsel and liaison counsel should be appointed here.

Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set forth in Rule 23(g)(1)(A), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See, e.g., In re: Disposable Contact Lens Antitrust*, No. 15-MD-2626, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (factors for appointing class counsel under Rule 23(g)(1)(A) apply "equally to the appointment of interim lead counsel before certification.") (citations omitted); *Bowers v. Sioux Honey Coop. Ass'n*, No. 12-21034, 2012 WL 12865846, at *2 (S.D. Fla. Dec. 14, 2012); *In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, No. 11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011). Those factors include the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A).

Because this consolidated action involves (at least at present) numerous separately pleaded class actions with multiple plaintiffs' counsel, interim class counsel will be serving in a more expansive role than simply protecting the interests of the putative class. Interim class counsel will also be acting on behalf of other attorneys and their clients in the role of lead or liaison counsel. Thus, other considerations come into play, including among others, the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the Court. *See Manual* § 10.224 at 27. Ultimately, the Court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id*. § 10.221 at 25.

After considering the Proposal in light of the foregoing factors, the Court is satisfied that the attorneys in Plaintiffs' proposed leadership structure have experience handling class actions,

complex litigation, and claims of the type asserted in this action, as well as knowledge of the applicable law.  Each of the proposed members of the Plaintiffs' leadership has done work identifying or investigating potential claims in the action and will commit the resources necessary to represent the class.  Therefore, based on the Court's review and consideration of the Proposal, it is hereby

**ORDERED AND ADJUDGED** that the Proposal is **ADOPTED** as follows:

1. Pursuant to Fed. R. Civ. P. 23(g)(2), the Court appoints **Jeff Ostrow (Kopelowitz Ostrow P.A.)** and **John Yanchunis (Morgan & Morgan)** as MDL Co-Liaison and Executive Comitteee Co-Chairs ("Co-Lead Counsel"), who shall be responsible for coordinating Plaintiffs in the conduct of the consolidated action and shall:

   a. perform all responsibilities designated by the Court;

   b. determine (after consultation with members of Plaintiffs' Track Leads ("PTL") and other counsel of record as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

   c. consistent with the requirements of the Federal Rules of Civil Procedure, coordinate the initiation and conduct of discovery on behalf of Plaintiffs, including the preparation of joint interrogatories and requests for production of documents, and the examination of witnesses in depositions;

   d. coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    e. delegate specific tasks to other counsel of record in a manner that ensures pretrial preparation is conducted effectively, efficiently, and economically; scheduling deadlines are met; and unnecessary expenditures of time and expense are avoided;

    f. encourage full cooperation and efficiency among all Plaintiffs' counsel;

    g. convene meetings of the PTL as necessary for the purpose of proposing joint action and discussing and resolving matters of common concern;

    h. enter stipulations with opposing counsel necessary for the conduct of the litigation;

    i. prepare and distribute periodic status reports to the parties;

    j. maintain adequate time and disbursement records covering the services of designated counsel and establish guidelines as to the keeping of time records and expenses;

    k. brief and argue motions for Plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual Plaintiffs) or designate the appropriate counsel to carry out these tasks; and

    l. perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

2. No work shall be undertaken by any Plaintiffs' counsel without the express advance authorization of Co-Lead Counsel. Likewise, no pleadings, motions, discovery or other pretrial proceedings shall be initiated or filed by any Plaintiffs' counsel except through Co-Lead Counsel or upon their express, advance authorization.

3. All Plaintiffs' counsel shall submit to Co-Lead Counsel (or their designee) a record of the time expended and costs incurred on a monthly basis, or such other schedule as may be established, in accord with the procedures established by Co-Lead Counsel.

4. The Court appoints **James Cecchi (Carella, Byrne, Cecchi, Olstein, Brody, & Agnello P.C.)** as MDL Track Coordination and Settlement Counsel, who shall:

   a. perform all responsibilities as designated by the Court;

   b. act as the primary contact between the Court and Plaintiffs' counsel;

   c. maintain an up-to-date, comprehensive service list of Plaintiffs and promptly advise the Court and Defendants of changes to Plaintiffs' service list;

   d. receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants that are not electronically filed with the Court;

   e. establish and maintain a document depository;

   f. assist Co-Lead Counsel and the PTL in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

   g. maintain a copy of this Order and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, this MDL; and

   h. perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders of the Court.

5. The Court appoints the following attorneys as track leads and members of the PTL:

   **Track 1**: Sabita Soneji & Ben Barnow

   **Track 2**: Bryan Bleichner & Brian Gudmundson

> **Track 3**:  Stuart Davidson & Ian Sloss (Aetna), Maureen Brady (Anthem), and Mason Barney (Santa Clara)
>
> **Track 4**:  Mason Barney (Brightline), Ben Johns (Community), William Federman (Intellihartx), and Nicolas Colella (Imagine 360)
>
> **Cross Track Discovery**:  Lori Feldman & Sharon Zinns (Offensive Discovery), Danielle Perry & Anthony Parkhill (Defensive Discovery), Kevin Sharp & Steven Sukert (Liability Experts), Nicholas Colella & Erin Comite (Damages Experts), and Steven Nathan & Bart Cohen (Law and Briefing)

The PTL shall work in tandem with Co-Lead Counsel in the orderly and efficient prosecution of the consolidated action and carry out such duties and responsibilities as are appropriate for the successful prosecution of this action.  Mr. Cecchi will lead the PTL as Chair.

6. The members of the PTL shall, from time to time, consult with Co-Lead Counsel and MDL Track Coordination and Settlement Counsel on formulating overall case strategy, developing a litigation plan, coordinating Plaintiffs' pretrial activities, fulfilling the obligations set forth in this Order, and otherwise planning for trial.  The PTL Chair will monitor the work performed by the PTL and will report to Co-Lead Counsel.  The Court may amend or expand the PTL upon request from the PTL, Co-Lead Counsel, or on the Court's own motion, if and as circumstances warrant.

7. Defendants shall effectuate service of papers on Plaintiffs by serving copies on Co-Lead Counsel and MDL Track Coordination and Settlement Counsel by electronic mail, overnight mail, or hand-delivery.  Co-Lead Counsel and MDL Track Coordination and Settlement Counsel shall effectuate service on Plaintiffs by serving copies on all other Plaintiffs' counsel.  The Court's Master Service List shall govern in all proceedings.

8.      All communications with the Court must be through Co-Lead Counsel or MDL Track Coordination and Settlement Counsel.  If circumstances require direct communication with the Court by other counsel of record, copies of any such communications must simultaneously be served on Co-Lead Counsel and MDL Track Coordination and Settlement Counsel.

9.      **Baker Hostetler LLP** and **Gordon Rees Scully Mansukhani, LLP** shall be the Defendants' liaisons for purposes of communicating with Plaintiffs' Co-Liaison and Track Coordination and Settlement Counsel as to common issues in the MDL.

10.     The terms of this Order, including the appointment of Co-Lead Counsel and MDL Track Coordination and Settlement Counsel, shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**DONE AND ORDERED** in Miami, Florida, this 19th day of March, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**