# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 24-MD-03090-RAR

| | |
|---|---|
| In re:<br><br>**FORTRA FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION**<br><br>This Document Relates to:<br><br>**ARIANA SKURASKIS,** *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>      Plaintiffs,<br><br>      v.<br><br>**NATIONSBENEFITS HOLDINGS, LLC,** *et al.*,<br><br>      Defendants/Third-Party Plaintiffs,<br><br>      v.<br><br>**FORTRA, LLC**,<br><br>      Third-Party Defendant. | Case No. 23-cv-60830-RAR (and all consolidated actions) |

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs NATIONSBENEFITS, LLC and NATIONSBENEFITS HOLDINGS, LLC (collectively, "NationsBenefits" or "Third-Party Plaintiffs"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, hereby file this Third-Party Complaint against the Third-Party Defendant FORTRA, LLC ("Fortra" or "Third-Party Defendant"), and, in support thereof, state as follows:

## PARTIES, JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action because the Third-Party Complaint

seeks damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. This Court has jurisdiction over this action because Third-Party Plaintiffs' third-party claims are so related to the claims of Plaintiffs'[1] Consolidated Class Action Complaint (D.E. 133, the "Complaint") that they form a part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over Fortra because it has sufficient minimum contacts with Florida, as it is registered to conduct business in the state and conducts substantial business there, including the sale of its file transfer product to customers located there, including Third-Party Plaintiffs.

4. Venue is proper in this District, as the claims asserted in the Third-Party Complaint arise out of the business dealings between Third-Party Plaintiffs and Fortra that is the subject matter of the Complaint which at all times arose and occurred in this District.

5. NATIONSBENEFITS, LLC is a Florida Limited Liability Company headquartered in Plantation, Florida.

6. NATIONSBENEFITS HOLDINGS, LLC is a Delaware Limited Liability Company headquartered in Plantation, Florida.

7. Fortra is a Limited Liability Company registered according to the laws of the State of Delaware with its principal place of business located at 11095 Viking Drive, Suite 100, Eden Prairie, Minnesota 55344.

---

[1] "Plaintiffs" is defined as, collectively, Plaintiffs Lenore Caliendo, Kimberly Dekenipp, T.E., Renee Fideleff, Leroy Fuss, Teresa Hassan, Jeffery King, Barbara Kosbab, Lawrence Kosbab, Mary Ann Landries, Pamela Lazaroff, Steven Lazaroff, Kevin McCoy, Sharon McCoy, Catherine Radke, Martin Radke, Dezarae Sanders, Arnisa Marie Shepherd, Ariana Skuraskis, Anthony Skuya, A.T., Michael Wasner, Edward Wilczynski, Sara Jean Williams, Wanda Wilson and Stephen Wolsey, individually and on behalf of all others similarly situated.

## FACTS

8. NationsBenefits is a health benefits administration company that partners with managed care organizations to provide supplemental benefits, flex cards and member engagement solutions, among other services.

9. Fortra provides information technology management software and services. Fortra offers automation, cybersecurity, monitoring solutions, product training, implementation, configuration, upgrades and conversion services.[2]

10. Fortra promises its customers to protect their sensitive data through their cybersecurity services. Fortra claims it "delivers a layered data security defense for your most sensitive data."[3]

11. Fortra understands the importance of having a well-protected computer network guarding against cybercriminals. In fact, it offers "offensive security" services "to be a deterrent, providing significant obstacles to ensure that attackers never see your environment as an easy target, but instead one that would be time consuming, labor intensive, and ultimately not worth the hassle."[4]

12. One of Fortra's services that it provides includes the GoAnywhere managed file transfer tool ("GoAnywhere MFT").

13. To facilitate the sharing of information between NationsBenefits and its clients, beginning in or around 2018, NationsBenefits used Fortra's GoAnywhere MFT.

14. In establishing its relationship with Fortra and utilizing the GoAnywhere MFT, NationsBenefits expressly relied on Fortra's representations that the GoAnywhere MFT included

---

[2] https://www.fortra.com/services/managed-services.
[3] https://www.fortra.com/solutions#securityservices
[4] https://www.fortra.com/solutions/data-security/offensive-security

"extensive security controls" and "automatic encryption," ultimately providing a "safe, audited method for automatically transferring information in and outside of [NationsBenefits'] enterprise."[5]

15. Between January 28, 2023 and January 30, 2023, a hacker group known as CL0P accessed Fortra's GoAnywhere MFT administrative console (the "Incident")

16. Fortra discovered the Incident on or around January 29, 2023.

17. On or around February 3, 2023, Fortra began notifying its customers, including Nationsbenefits of the Incident, including that an actor had gained unauthorized access to the GoAnywhere MFT and certain personal information and/or protected health information (collectively "Private Information") stored by its customers, including NationsBenefits, thereon.

18. In other words, due to vulnerabilities in Fortra's GoAnywhere MFT and deficiencies in Fortra's data security posture, hackers were able to gain full access and control to NationsBenefits' GoAnywhere MFT environment and all of the data contained therein.

19. The Incident did not just impact the Private Information stored by NationsBenefits on the GoAnywhere MFT. Indeed, over 130 organizations were affected by the Incident.

20. NationsBenefits' servers were not impacted by the Incident.

21. Fortra failed to identify the existence of the vulnerability and alert NationsBenefits to the vulnerability.

22. Fortra did not provide a defensive patch to NationsBenefits for the vulnerability.

23. In other words, Fortra, not NationsBenefits, was the only entity positioned to implement and effectuate appropriate data security measures to protect against the Incident and

---

[5] https://www.goanywhere.com/offers/start-using-mft.

any unauthorized access to or acquisition of Private Information stored on the GoAnywhere MFT.

24. As a user of the GoAnywhere MFT, upon notification by Fortra, NationsBenefits moved quickly to apply patching made available by Fortra and undertook recommended mitigation steps.

25. As a zero-day vulnerability, NationsBenefits had no ability to know of or to address the vulnerability prior to its discovery and disclosure by Fortra.

26. Following disclosure of the vulnerability and impact to its server running the GoAnywhere MFT, NationsBenefits promptly launched an investigation, with the assistance of third-party cybersecurity and privacy specialists, to determine the potential impact of the vulnerability's presence on its server running the GoAnywhere MFT and on the data housed on the servers.

27. NationsBenefits undertook these efforts at its sole and significant cost. Despite the Incident impacting Fortra's GoAnywhere MFT, Fortra did not assume the costs associated with NationsBenefits' extensive investigation and remediation efforts.

28. Thereafter, NationsBenefits notified its clients of the Incident and provided notification to all potentially impacted individuals and regulating agencies.

29. NationsBenefits undertook these efforts at its sole and significant cost. Despite the Incident impacting Fortra's GoAnywhere MFT, Fortra did not assume the costs associated with NationsBenefits' extensive notification efforts.

30. Beginning on April 21, 2023, Plaintiffs began filing their complaints against NationsBenefits alleging causes of action stemming from the Incident.

31. Plaintiffs allege that they received notification of the Incident from NationsBenefits.

32. Plaintiffs also filed complaint(s) and/or claim(s) against NationsBenefits' clients, including Aetna, Anthem and Santa Clara Family Health Plans.

33. Plaintiffs' complaints were subsequently consolidated in the Southern District of Florida under the above-captioned action.

34. NationsBenefits, not Fortra, was the entity to seek centralization and transfer before the Judicial Panel on Multidistrict Litigation of the actions against it, its clients, Fortra, and other Fortra end users seeking to represent overlapping putative classes of all individuals whose Private Information was allegedly exfiltrated in connection with the Incident, which was ultimately granted.

35. In the Complaint, Plaintiffs seek damages and injunctive relief on behalf of themselves and putative class(es) and subclass(es) of all individuals whose Private Information was allegedly exfiltrated in connection with the Incident.

36. Third-Party Plaintiffs deny all allegations of wrongdoing arising from the Incident, including those alleged in Plaintiffs' Complaint.

37. Third-Party Plaintiffs deny any liability for Plaintiffs' and/or the putative class(es) and/or subclass(es)' alleged damages, to the extent any such damages exist. Upon information and belief, the damages alleged in Plaintiffs' Complaint, if any were sustained, are the direct and proximate result of the conduct of Fortra.

38. If Plaintiffs and/or the putative class(es) and/or subclass(es) recover judgment against Third-Party Plaintiffs, Third-Party Plaintiffs are entitled to contribution and indemnification from Fortra, and judgment against Fortra for the damages awarded to Plaintiffs and/or the putative class(es) and/or subclass(es).

39. In addition to the costs incurred in investigating, remediating, responding to and

providing notification of the Incident as outlined above, Third-Party Plaintiffs have retained counsel and have agreed to pay the undersigned counsel a reasonable sum in defense of the Plaintiffs' Complaint as well as the prosecution of the instant Third-Party Complaint.

40. All conditions precedent to the filing of the Third-Party Complaint have been satisfied.

**FIRST CAUSE OF ACTION**
**(Common Law Indemnity)**

41. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

42. Third-Party Plaintiffs are without fault with respect to the allegations asserted by Plaintiffs in their Complaint.

43. Fortra was wholly at fault for Plaintiffs' alleged injuries.

44. Third-Party Plaintiffs have discharged a duty owed to one or more third parties as a result of some vicarious, constructive, derivative or technical liability of Fortra.

45. There was a special relationship between Third-Party Plaintiffs and Fortra such that any potential liability of Third-Party Plaintiffs to Plaintiffs is solely vicarious, constructive, derivative or technical and otherwise based solely upon the acts or omissions of Fortra.

46. Third-Party Plaintiffs are without fault with respect to such vicarious, constructive, derivative or technical liability and is otherwise based solely upon the acts or omission of Fortra.

47. Third-Party Plaintiffs have suffered damages by defending and/or otherwise discharging the liability that should be borne by Fortra with respect to such vicarious, constructive, derivative or technical liability and is otherwise based solely upon the acts or omissions of Fortra.

48. Pursuant to common law indemnity principles, if Third-Party Plaintiffs are found liable to Plaintiffs and/or the putative class(es) and/or subclass(es), which liability they expressly

deny, then Fortra is required to indemnify Third-Party Plaintiffs for any damages awarded against them. Fortra is further required to pay all costs and fees expended by Third-Party Plaintiffs in defending this action.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

49. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

50. Beginning in or around 2018, NationsBenefits used Fortra's GoAnywhere MFT.

51. In using Fortra's GoAnywhere MFT, Third-Party Plaintiffs and Fortra entered into express or implied contracts with Fortra whereby Fortra agreed, inter alia, to use extensive security controls to provide a safe and audited method for transferring information through the GoAnywhere MFT.

52. Third-Party Plaintiffs have fully performed their obligations under the applicable contract(s), including but not limited to payment to Fortra for the use of Fortra's GoAnywhere MFT.

53. Fortra breached the applicable contract(s) by, among other things, failing to implement reasonable and appropriate security measures to protect the Private Information stored on the GoAnywhere MFT, resulting in the Incident.

54. As a direct and proximate result of Fortra's breach(es) of the applicable contract(s), Third-Party Plaintiffs have sustained damages.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

55. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

56. This is an action for equitable relief within the equitable jurisdiction of this Court, pled in the alternative.

57. For purposes of this Count, NationsBenefits alleges that none of the oral or written contracts referred to herein apply to the actions described in this Count and that the actions described herein were outside the coverage of the said contract(s).

58. NationsBenefits conferred benefits upon Fortra.

59. Fortra was aware of such benefits and solicited and accepted same from NationsBenefits.

60. Fortra acquired and retained such benefits through fraudulent means.

61. It would be inequitable to allow Fortra to retain these benefits under the circumstances, and Fortra has been unjustly enriched thereby.

62. As a direct and proximate result of such conduct, Fortra has been unjustly enriched.

63. NationsBenefits has no adequate remedy at law for the continuing actions of Fortra which led to its unjust enrichment.

64. As a direct and proximate result of such conduct, NationsBenefits has suffered and sustained damages.

### FOURTH CAUSE OF ACTION
### (Negligence)

65. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

66. Fortra owed a duty to NationsBenefits to implement and effectuate appropriate data security measures to protect against the Incident and any unauthorized access to or acquisition of Private Information stored on the GoAnywhere MFT.

67. Fortra breached this duty by failing to properly implement and effectuate

appropriate data security measures to protect against the Incident and any unauthorized access to or acquisition of Private Information stored on the GoAnywhere MFT.

68. As a direct and proximate result of Fortra's negligence, Plaintiffs allege to have sustained certain damages for which it seeks to hold NationsBenefits liable. Accordingly, Fortra is responsible for these damages for which Plaintiffs seek to hold NationsBenefits liable.

**FIFTH CAUSE OF ACTION**
**(Fraudulent Inducement)**

69. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

70. In order to induce Third-Party Plaintiffs to utilize its services, Fortra made numerous fraudulent material misrepresentations.

71. At the time the aforementioned representations were made, Fortra knew that such representations were false and inaccurate.

72. The misrepresentations of Fortra were intentionally, knowingly, willfully, wantonly and maliciously made with the intention of inducting NationsBenefits to enter into contract(s) with Fortra.

73. The representations of Fortra were inexcusable and in total disregard of the rights of NationsBenefits and, if permitted without rebuke, would encourage others to engage in similar reprehensible conduct.

74. As a result of such fraudulent representations made by Fortra, NationsBenefits was induced to enter into contract(s) with Fortra.

75. As a direct and proximate result of the fraudulent representations and willful, wanton and reckless conduct of Fortra, as well as NationsBenefits' reasonable reliance thereon, Third-Party Plaintiffs have suffered and sustained damages.

## SIXTH CAUSE OF ACTION
### (Fraudulent Misrepresentation)

76. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

77. At all times material hereto, Fortra falsely represented to NationsBenefits, and otherwise allowed and encouraged NationsBenefits to believe that, inter alia, the GoAnywhere MFT utilized extensive security controls to provide a safe and audited method for transferring information.

78. Despite and notwithstanding same, prior to and after entering into contact(s) with NationsBenefits, Fortra intentionally withheld, omitted, and concealed material facts for purposes of inducing NationsBenefits to enter into such contract(s).

79. Fortra deliberately and intentionally failed to disclose pertinent, material information to NationsBenefits in order to induce NationsBenefits to enter into and/or not terminate said contract(s).

80. Specifically, Fortra deliberately and intentionally failed to disclose to NationsBenefits that, inter alia, its security controls were insufficient to protect the Private Information stored on the GoAnywhere MFT, resulting in the Incident.

81. Fortra continued the fraudulent concealment of such material facts during the entire term of the contract(s).

82. At no time material hereto did Fortra ever inform of advise NationsBenefits of such material facts.

83. If NationsBenefits had been made aware of such material facts, it never would have entered into and/or would have promptly terminated the contract(s).

84. At all times material hereto, Fortra's omission and concealment of these material

facts was done intentionally, knowingly, willfully, wantonly, and maliciously with the intention of inducing NationsBenefits to enter into and/or not terminate its contract(s) with Fortra.

85. Such omissions and concealment of material facts by Fortra were false and misleading, wanton and in total disregard of the rights of NationsBenefits and, if permitted without rebuke, would encourage others to engage in similar reprehensible conduct.

86. As a direct and proximate result of Fortra's fraudulent actions, as well as willful, wanton and reckless conduct of Fortra, as well as NationsBenefits' reasonable reliance thereon, NationsBenefits has suffered and sustained damages.

### SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation)

87. Third-Party Plaintiffs incorporate each and every allegation in this Third-Party Complaint as if fully set forth herein.

88. At all times material hereto, Fortra falsely represented to NationsBenefits, and otherwise allowed and encouraged NationsBenefits to believe that, inter alia, the GoAnywhere MFT utilized extensive security controls to provide a safe and audited method for transferring information.

89. Fortra made the aforesaid representations either without knowledge as to their truth or falsity, in reckless disregard of their truth or falsity, or under circumstances in which Fortra should have known of their falsity.

90. Fortra knew or should have known that the representations made by it were not true or accurate.

91. Fortra knew or should have known that NationsBenefits would rely on such representations.

92. As a direct and proximate result of the representations and negligent and reckless

conduct of Fortra, NationsBenefits entered into one or more business relationships with Fortra.

93. As a direct and proximate result of the representations of Fortra, and its negligent and reckless conduct, as well as NationsBenefits' reasonable reliance thereon, NationsBenefits has suffered and sustained damages.

**RESERVATION OF RIGHT TO AMEND TO PLEAD PUNITIVE DAMAGES**

Third-Party Plaintiffs hereby reserve the right, pursuant to Fla. Stat. § 768.72 and applicable law to seek punitive damages against Fortra herein.

**JURY DEMAND**

Third-Party Plaintiffs demand a trial by jury on all counts so entitled.

\* \* \* \* \* \* \* \* \* \*

**WHEREFORE**, Defendants/Third-Party Plaintiffs NATIONSBENEFITS, LLC and NATIONSBENEFITS HOLDINGS, LLC demand judgment in their favor and against Third-Party Defendant FORTRA, LLC, including but not limited to the amount of any judgment entered in favor of Plaintiffs and/or the putative class(es) and/or subclass(es) against Third-Party Plaintiffs, as well as Third-Party Plaintiffs' own attorneys' fees, costs, interest, and such further relief as this Court deems just and proper.

Dated: November 18, 2024

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Joseph Salvo*
Joseph Salvo (*pro hac vice*)
Brian Middlebrook (*pro hac vice*)
John T. Mills (*pro hac vice*)
Thomas R. Fanizzi, Jr. (*pro hac vice*)
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
jsalvo@grsm.com
bmiddlebrook@grsm.com
jtmills@grsm.com
tfanizzi@grsm.com

Joseph A. Sacher (FBN 174920)
Miami Tower, Suite 3900
100 SE Second Street
Miami, Florida 33131
Tel: (305) 428-5339
Fax: (877) 634-7245
jsacher@grsm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                */s/ John Mills*
                John T. Mills (*pro hac vice*)