UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MD-03090-RAR

IN RE FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION
_____/

This Document Relates to:

**Defendants Fortra, LLC, NationsBenefits LLC, NationsBenefits Holdings LLC, Aetna Inc., Aetna Life Insurance Company, Anthem Insurance Companies, Brightline, Inc., Elevance Health, Inc., Santa Clara Family Health Plan, Community Health Systems, CHSPSC, Intellihartx, LLC, and Imagine360, LLC.**
_____/

## SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3. I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Managing Director of Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans. I previously filed declarations in this matter related to Epiq's administration of the Settlement with defendant Brightline Inc.

4. The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq and Epiq Legal Noticing (hereinafter "Epiq").

## OVERVIEW

5. This declaration provides updated settlement administration statistics following the successful implementation of the Settlement Notice Program ("Notice Program") and notices (the "Notice" or "Notices") for *In Re: Fortra File Transfer Software Data Security Breach Litigation*, Case No. 24-md-03090-RAR, pending in the United States District Court for the Southern District of Florida. Previously, I executed my *Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Notice Program* ("Implementation Declaration") on July 31, 2025, which described the successful implementation of the Notice Program, detailed Epiq's class action notice experience, and attached Epiq's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans.

## NOTICE PROGRAM SUMMARY

6. Federal Rule of Civil Procedure 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1] The Notice Program as implemented satisfied these requirements.

7. As detailed in my Implementation Declaration, the Notice Program as designed and implemented reached the greatest practicable number of Settlement Class members with individual notice via email and/or mail to identified Settlement Class members. With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 95.8% of the identified Settlement Class. The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Program was consistent with other court-approved notice plans, was the best notice practicable under the circumstances, and

---

[1] Fed. R. Civ. P. 23(c)(2)(B).

satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## CAFA NOTICE

8. As detailed in my Implementation Declaration, Epiq sent 57 CAFA Notice Packages ("CAFA Notice"), as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.

## NOTICE PROGRAM

### *Individual Notice*

9. As detailed in my Implementation Declaration, Epiq received 39 data files with 6,421,130 identified Settlement Class member records, which included names, email addresses, and/or postal addresses (if available) ("Class List"). Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class member records into its database for this Settlement. These efforts resulted in 6,242,945 unique, identified Settlement Class member records. An Email Notice was sent to identified Brightline Settlement Subclass members for whom a valid email address was available from Brightline Settlement Subclass members that filed a claim in the prior Brightline Settlement. A double Postcard Notice with Claim Form ("Postcard Notice") was sent via USPS first class mail to identified Settlement Class members for whom an associated physical mailing address was available. There were three versions of the Notices, including a Fortra Settlement Subclass Postcard Notice, a Brightline Settlement Subclass Postcard Notice, and a Brightline/Multiple Defendant Settlement Subclass Postcard Notice.

### *Individual Notice – Email*

10. As detailed in my Implementation Declaration, on May 15, 2025, Epiq commenced sending 145,890 Email Notices to 146,194 identified Brightline Settlement Subclass

---

[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

members for whom a valid email address was available. Some valid email addresses were associated with multiple identified Brightline Settlement Subclass members with the same email address, and only one Email Notice was sent per email address.

11. If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier. For any Email Notice for which a bounce code was received indicating the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., at least two additional attempts were made to deliver the Notice by email.

*Individual Notice – Direct Mail*

12. As detailed in my Implementation Declaration, on May 15, 2025, Epiq commenced sending 5,055,149 Fortra Settlement Subclass Postcard Notices, 1,032,350 Brightline Settlement Subclass Postcard Notices (this includes sending a Postcard Notice to 28,027 Brightline Settlement Subclass members that were previously sent an Email Notice, which was undeliverable after multiple attempts and a mailing address was available), and 709 Brightline/Multiple Defendant Subclass Postcard Notices to identified Settlement Class members for whom an associated physical mailing address was available (8,543 records did not have an associated postal address and were not sent a Postcard Notice). The Postcard Notices were sent via USPS first-class mail.

13. The return address on the Postcard Notices was a post office box that Epiq maintains for this Settlement. The USPS automatically forwarded Postcard Notices with an available forwarding address order that has not expired ("Postal Forwards"). Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired but was still within the time period in which the USPS returned the piece with the address indicated), or to better addresses that were found using a third-party address lookup service. Upon successfully locating better addresses, Postcard Notices were promptly remailed. As of September 11, 2025, Epiq has remailed 209,252

Postcard Notices.

14. Additionally, a Long Form Notice and Claim Form ("Claim Package") were mailed to all persons who requested one via the toll-free telephone number or other means. As of September 11, 2025, Epiq mailed 4,051 Claim Packages as a result of such requests.[3]

*Notice Results*

15. As of September 11, 2025, an Email Notice and/or a Postcard Notice was delivered to 5,985,092 of 6,242,945 unique, identified Class Members. This means the individual notice efforts reached approximately 95.8% of the identified Settlement Class.

*Settlement Website*

16. The Settlement Website (www.FortraDataSettlement.com) continues to be available 24 hours per day, 7 days per week. Relevant documents, including the Consolidated Complaints, Settlement Agreement, Motion for Preliminary Approval, Preliminary Approval Order, Long Form Notice, and Claim Form, along with other case-related documents are posted on the Settlement Website. The Settlement Website also provided the ability for Settlement Class Members to submit an online Claim Form prior to the deadline. In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class members could opt-out (request exclusion) from or object to the Settlement prior to the deadlines, instructions for submitting a Claim Form prior to the deadline, contact information for the Settlement Administrator, and how to obtain other case-related information. As of September 11, 2025, there have been 128,652 unique visitor sessions to the Settlement Website, and 676,361 web pages have been presented.

*Toll-Free Telephone Number and Other Contact Information*

17. The toll-free telephone number (1-888-820-3075) continues to be available for the Settlement. Callers are able to hear an introductory message, have the option to learn more about

---

[3] Epiq received a request from Settlement Class member Dallas Oropeza postmarked on June 10, 2025, requesting more information regarding this Settlement. Epiq responded by sending a Long Form Notice and Claim Form and subsequently sent the Settlement Agreement as well.

the Settlement in the form of recorded answers to FAQs. This automated telephone system is available 24 hours per day, 7 days per week. As of September 11, 2025, there have been 26,899 calls to the toll-free telephone number representing 89,468 minutes of use.

18. A postal mailing address and email address were established and continue to be available to allow Settlement Class members the opportunity to request additional information or ask questions.

### Opt-Out Requests and Objections

19. The Opt-Out and Objection Periods for the Settlement ended on August 15, 2025. As of September 11, 2025, Epiq has received 238 opt-out requests. As of September 11, 2025, Epiq is aware of no objections to the Settlement. The Exclusion Report is included as **Attachment 1**.

### Claim Submission & Distribution

20. The deadline for Settlement Class Members to file a Claim Form was August 29, 2025. As of September 11, 2025, Epiq has received 453,715 Claim Forms (89,929 online and 363,786 paper), which are currently being processed. Since the Claim Form Deadline has recently passed, these numbers are preliminary. As standard practice, Epiq will be conducting a complete quality control review of Claim Forms received once all Claim Forms are processed. There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

## NOTICE & SETTLEMENT ADMINISTRATION COSTS

21. As of September 11, 2025, Epiq has invoiced $4,133,025.17, the combined cost to implement the Notice Program and administer the Settlement. Additional costs will be incurred following Final Approval to complete the Settlement administration. The remaining work to be completed is significant, including: (a) calculating distribution payments to Settlement Class Members; (b) distributing Settlement funds to Settlement Class Members (digital payments or physical checks and postage); (c) handling undeliverable payments; (d) re-issuing payments; (e) communication with Settlement Class Members, including maintaining the

Settlement Website and toll-free telephone number throughout the remaining duration of the Settlement administration; and (f) associated project management and related billable hours to handle the distribution and related settlement administration responsibilities. All costs are subject to the Service Contract under which Epiq is retained as the Settlement Administrator, and the terms and conditions of that agreement.

## CONCLUSION

22. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice. This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

23. The Notice Program included individual notice via email and/or mail to identified Settlement Class members. With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 95.8% of the identified Settlement Class. The reach was further enhanced by a Settlement Website. In 2010, the FJC issued a *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide,* which is relied upon for federal cases, and is illustrative for state courts. This guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[4] Here, we have developed and implemented a Notice Program that readily achieved a reach beyond the high end of that standard.

24. The Notice Program provided the best notice practicable under the circumstances

---

[4] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

of this case, conformed to all aspects of Federal Rules of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the *Manual for Complex Litigation* 4th Ed. and FJC guidance, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

25. The Notice Program schedule afforded sufficient time to provide full and proper notice to Settlement Class members before the end of the Opt-Out Period and Objection Period.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 11, 2025.

_____
Cameron R. Azari, Esq.

# Attachment 1



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
|---|---|
| 1 | ILIANA DELOCIENDA |
| 2 | JOAN PRICE |
| 3 | SIBLEY LYONS |
| 4 | JUDY SUDATZ |
| 5 | ROBERT HESS |
| 6 | GABRILLIA GILBERT |
| 7 | DARCIE BURNS |
| 8 | HENRY BURNS |
| 9 | BLAIR BURNS |
| 10 | BRITTANY BURNS |
| 11 | BENNIE HOLMES |
| 12 | CHERYL IGYARTO |
| 13 | TOM IGYARTO |
| 14 | MARY MARTIN |
| 15 | KENNETH ROBERTSON |
| 16 | LINDA SHIREY |
| 17 | STEPHANIE RHODES |
| 18 | LEO KENSICKI JR |
| 19 | SHARON MARTIN |
| 20 | JERRY DAY |
| 21 | ROSALIE DUFF |
| 22 | MARY SCHWARTZ |
| 23 | JOHN RUSKIN |
| 24 | DAVID MILLER |
| 25 | CONSTANCE GAROFANO |
| 26 | GREGORY GAROFANO |
| 27 | JAMES HARVEY |
| 28 | DENISE HARVEY |
| 29 | RHODA SPRINGSTEAD |
| 30 | ROBERT SPRINGSTEAD |
| 31 | JAMES PETLOW |
| 32 | MARINA MARTIN |
| 33 | JOAN GLENCER |
| 34 | CHRISTI DORSEY |
| 35 | RICHARD MUSTERMAN |
| 36 | EMILY STENNETT |
| 37 | JOEL KENNISTON |
| 38 | JANET FOSTER |
| 39 | MARY ZACHARY |
| 40 | BOBBY ZACHARY |



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
|---|---|
| 41 | ARLAN ZIMMERMAN |
| 42 | GARY WOOD |
| 43 | REBECCA KAISER |
| 44 | ROBERT DETTENWANGER |
| 45 | JOHN NICE |
| 46 | JULIE TROUTWINE |
| 47 | SANDRA ENGELMANN |
| 48 | JAMES CURRAN |
| 49 | KAREN TOWNLEY |
| 50 | CLARENCE TOWNLEY JR |
| 51 | KARL MEIER |
| 52 | VALERIE SHERMAN |
| 53 | TINA REYNOLDS |
| 54 | ROBERT ENGELMANN |
| 55 | PATRICIA UPDIKE |
| 56 | JOANNE C WHITE |
| 57 | CAROL BROWN |
| 58 | MICHAEL SEIDL |
| 59 | CAREN LAWRENCE |
| 60 | LINDA FRENCH |
| 61 | CELESTE R GUALTIERI |
| 62 | LESTA TEMAN |
| 63 | TAWANYA L BAKER |
| 64 | DARRELL GRAFFAGNINO |
| 65 | HOWARD LOOSBROOCK |
| 66 | ARTHUR LAWRENCE |
| 67 | JOE J BARELA |
| 68 | JANICE FARRER |
| 69 | KARIMA HOLDMAN |
| 70 | PATRICIA LOOSBROOCK |
| 71 | PEGGY FEASEL |
| 72 | MARCELLA DECHOW |
| 73 | JOHN PENNEWELL |
| 74 | CLINT MASON |
| 75 | PAULINE MASON |
| 76 | BURYL MCCONNELL |
| 77 | CONNIE MCCONNELL |
| 78 | ARDITH PEARCE |
| 79 | OTIS G PEARCE |
| 80 | LINDA BALDOCCHI |



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
|---|---|
| 81 | LOIS WISNOSKI |
| 82 | PORTIA EDWARDS |
| 83 | BETTIE BROWN |
| 84 | DONALD BRUENE |
| 85 | ANNA H SLENO |
| 86 | DUREEN PROBST |
| 87 | COLLEEN VROOM |
| 88 | NANCY A SCOTT |
| 89 | JEANINE MARIE MURRIEHELM |
| 90 | CONSTANCE M KLEIN |
| 91 | JOSEPH CARL HERBER |
| 92 | NOELIA VAZQUEZ |
| 93 | SHIRLEY TRUCKENMILLER |
| 94 | ANTHONY HUBER |
| 95 | ERVIN NOLTE |
| 96 | MARSHA SIMS |
| 97 | JAMES SIMS |
| 98 | TWILAH KUPKA |
| 99 | ROBERTA TERRILL |
| 100 | WILLIAM PRICE |
| 101 | STEPHEN HAGER |
| 102 | DAVID KACYNSKI |
| 103 | ELIZABETH KACYNSKI |
| 104 | JOHN FOWLER |
| 105 | JUDITH WOJTASZEK |
| 106 | BOGDANA BAEVA |
| 107 | THELMA BALDWIN WILLIAMS |
| 108 | DOLORES NUNEZ |
| 109 | JEANETTE M SHIDLER |
| 110 | COLLEEN WIRE |
| 111 | CATHERINE D VO |
| 112 | CJ BOHALA |
| 113 | QUINN BRIDGES |
| 114 | LORI A HIGLEY |
| 115 | LEOTA HUMPHRIES |
| 116 | KAREN GRIMMELL |
| 117 | NICOLE CLEMENTS |
| 118 | KAREN GATTO |
| 119 | JOSEPH GATTO |
| 120 | MELISSA DELIKAT |



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
|---|---|
| 121 | DEBRA DORMAN |
| 122 | DEBRA PITTMAN |
| 123 | DONALD CLARIZIO |
| 124 | CHRISTINA DUNN |
| 125 | JENNIFER LAFORTUNE |
| 126 | CHRISTOPHER LAFORTUNE |
| 127 | ROBERT D LOCKHART |
| 128 | CELINE PRATER |
| 129 | ROSANNE AMATO |
| 130 | MICHELLE EISEL |
| 131 | CAROLEE SIMMINS |
| 132 | NECHELLE THOMAS |
| 133 | LEONEL SANCHEZ |
| 134 | JANE MUHLBACHER |
| 135 | GRACIE SPENCER |
| 136 | SHELLY GLOVER |
| 137 | CARRIE NICHOLS |
| 138 | CAROLE KING |
| 139 | DEBBIE BEATY |
| 140 | WILLIAM JACKSON |
| 141 | MELVIN LAUCK |
| 142 | SANDRA LAUCK |
| 143 | DONNA NESSAN |
| 144 | LESLEY L NICHOLS |
| 145 | RONALD SHAFFER |
| 146 | ANTHONY RUGGIERO |
| 147 | FRANCES RUGGIERO |
| 148 | DEBORAH WHIDDON |
| 149 | JOAN SHAFFER |
| 150 | JACKIE WOODRING |
| 151 | KEVIN G SCOTT |
| 152 | SHIRLEY A BEAVER |
| 153 | VICKI ANDERSON |
| 154 | MARGARET ADE |
| 155 | EDWARD MARTINKO |
| 156 | JOYCE MARTINKO |
| 157 | PATTY REICHERT |
| 158 | CHRISTINE MEEKS |
| 159 | WILLIAM MEEKS |



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
| --- | --- |
| 160 | HARRIET HOLMES |
| 161 | JOSEPH C PHILLIPS |
| 162 | VICTORIA ESTRADA-REYNOLDS |
| 163 | TIMOTHY SNEIDER |
| 164 | ROBERTA ROGERS |
| 165 | ELIZABETH A MICCIO |
| 166 | LEVELL G LACY |
| 167 | GARRAK GARD |
| 168 | ALYTHEA READE |
| 169 | CHARLES MENGERINK |
| 170 | MISTY YELLOWROBE |
| 171 | V REIGN YELLOWROBE-ARD |
| 172 | SHARON BOWERS |
| 173 | STEPHEN M BOWERS |
| 174 | CHARLES WIGGINS |
| 175 | SHERRY WIGGINS |
| 176 | PEGGY MELTON |
| 177 | MAXWELL MELTON |
| 178 | MARIE STEFFES |
| 179 | DONNA GALLA |
| 180 | JOHN STEFFES |
| 181 | THOMAS L WILSON |
| 182 | ESTELLA GARD |
| 183 | JAXON L STEELE |
| 184 | HARRY MORRIS |
| 185 | LESLIE JOHNSON |
| 186 | ELARA L STEELE |
| 187 | DAVID R DANIELSON |
| 188 | SUSANE M MAKAREWICZ |
| 189 | DAVID M MAKAREWICZ |
| 190 | TERRY LAFFERTY |
| 191 | LEAH J LEE |
| 192 | MICHAEL D STARKEY |
| 193 | PAUL L KUHNS |
| 194 | WALTER J BROOKS |
| 195 | CAROLYN W VAN HOY |
| 196 | TERRI H SHOEMAKER |
| 197 | RHONDA S VAN ANTWERP |
| 198 | NICOLE J HENDRICKSON |
| 199 | CHARLENE PARKER |



*In Re: Fortra File Transfer Software Data Security Breach Litigation*
**Opt-Out Report**

| Number | Name |
|---|---|
| 200 | MARK A WILLIAMSON |
| 201 | CHRISTOPHE HERDMAN |
| 202 | BRUCE COLLINS |
| 203 | RICHARD BRANCO |
| 204 | WILLIAM RICHARDSON |
| 205 | RACHEL SMITH |
| 206 | AMAKA R OKEKEOCHA |
| 207 | FARRAH SWART |
| 208 | SIMIN SHOGHI |
| 209 | DAMIAN BROWN |
| 210 | JANET WILLIAMS |
| 211 | CYNTHIA PAVAN |
| 212 | PHILIP PAVAN |
| 213 | KEN E ROBINSON |
| 214 | LOLA DYSON |
| 215 | JOSEPHINE DICKINSON |
| 216 | KAREN DUDEK |
| 217 | JEROME J DUDEK |
| 218 | MELVIN E TREDWAY |
| 219 | DOROTHY GAUSE |
| 220 | LUKE R WILLIAMSON |
| 221 | BRETT GAUSE |
| 222 | KURT KOLLROSS |
| 223 | JILL ANN ENGLE |
| 224 | DEBORAH CARDINAL |
| 225 | DAVID L SNYDER |
| 226 | JAMES STROUD |
| 227 | KAILAH M RUSSELL |
| 228 | BONNIE L SPURGEON |
| 229 | KAYE L REEVES |
| 230 | DIANE BEAMISH |
| 231 | RICKEY GUNNELS |
| 232 | MICHAEL VOSS |
| 233 | JONATHAN MANTEL |
| 234 | LAURA STROUD |
| 235 | BETTY A PECK |
| 236 | ARTHUR L SHIREY |
| 237 | ANN C SALLEMI |
| 238 | JESSICA A SAXON |